**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

APR 20 2023

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| Adriana Yadira Cuevas Nunez,<br><br>Petitioner,<br><br>v.<br><br>Merrick B. Garland, U.S. Attorney General,<br><br>Respondent. | No. 21-134<br><br>Agency No.   A202-180-514<br><br>MEMORANDUM* |

On Petition for Review of an Order of the
Board of Immigration Appeals

Argued and Submitted March 15, 2023
Pasadena, California

Before: TASHIMA, CHRISTEN, and MILLER, Circuit Judges.

Adriana Yadira Cuevas Nunez, a native and citizen of Mexico, petitions

for review of an order of the Board of Immigration Appeals affirming an

immigration judge's denial of her applications for asylum, withholding of

removal, and protection under the Convention Against Torture (CAT). We have

jurisdiction under 8 U.S.C. § 1252. We grant the petition in part and deny it in

part.

---

\*    This disposition is not appropriate for publication and is not
precedent except as provided by Ninth Circuit Rule 36-3.

Where, as here, the Board "expressed agreement with the reasoning of the [immigration judge]," we review both decisions. *Kumar v. Holder*, 728 F.3d 993, 998 (9th Cir. 2013). We review the agency's findings of fact for substantial evidence. *Id.* We review claims of due process violations de novo. *Grigoryan v. Barr*, 959 F.3d 1233, 1239 (9th Cir. 2020).

1. Cuevas Nunez claims that her due process rights were violated because the immigration judge displayed bias by misstating the record, so she did not have a neutral factfinder. *See Colmenar v. INS*, 210 F.3d 967, 971 (9th Cir. 2000). The misstatements consisted mostly of clerical errors, or permissible interpretations of ambiguous testimony, which do not demonstrate bias. Although the immigration judge incorrectly stated that Cuevas Nunez did not provide evidence of her rape, Cuevas Nunez does not show how that statement caused prejudice. *See Ibarra-Flores v. Gonzales*, 439 F.3d 614, 620–21 (9th Cir. 2006) (to establish a due process violation, the petitioner must "demonstrate[] prejudice, 'which means that the outcome of the proceeding may have been affected by the alleged violation'" (quoting *Platero-Cortez v. INS*, 804 F.2d 1127, 1132 (9th Cir. 1986))). The Board expressly rejected the immigration judge's statements about the lack of evidence of rape, and it did not rely on the immigration judge's adverse credibility finding. *See Arrey v. Barr*, 916 F.3d 1149, 1159 (9th Cir. 2019) (finding no prejudice when "although the [immigration judge] made a questionable adverse credibility finding . . . , any prejudice from that was cured by the Board's subsequent decision assuming the

credibility of [the petitioner's] testimony in full"). We therefore deny the petition for review insofar as it asserts a due process claim.

2. Cuevas Nunez argues that she is eligible for asylum and withholding of removal because she faces persecution on account of her membership in certain particular social groups and on account of her imputed political opinion. Her proposed particular social groups are related to her family and her actions assisting the prosecution of her rapists. Her proposed imputed political opinion also relates to her actions assisting the prosecution of her rapists. The Board rejected Cuevas Nunez's asylum and withholding claims because, it said, she had failed to raise any protected ground in front of the immigration judge, and because she failed to establish any nexus between her claimed grounds and her feared harm. Neither rationale survives review.

The Board erred in stating that Cuevas Nunez raised her particular social groups and imputed political opinion for the first time on appeal. In her asylum application and before the immigration judge, she argued that her family relationships and her actions assisting the prosecution of her rapists had a nexus to her past persecution and feared future persecution, and she did so clearly enough that the immigration judge in fact addressed her claims on those grounds.

Indeed, the Board went on to say that it agreed with what it characterized as the immigration judge's statements addressing those grounds and finding no nexus to her past or feared harm. The Board was correct that

3

Cuevas Nunez did not establish that her rape had any nexus to a protected ground. But substantial evidence does not support the Board's conclusion that Cuevas Nunez's asserted grounds were not "one central reason" or "a reason" for the harm she faced *after* reporting her rape. *Barajas-Romero v. Lynch*, 846 F.3d 351, 360 (9th Cir. 2017).

To start, the existence of personal retribution as a motive for the harm Cuevas Nunez suffered does not negate her claims. Membership in a particular social group or a political opinion can be "one central reason" or "a reason" for persecution even if personal retribution is also a reason. *See, e.g.*, *Madrigal v. Holder*, 716 F.3d 499, 506 (9th Cir. 2013); *Garcia v. Wilkinson*, 988 F.3d 1136, 1145 (9th Cir. 2021); *Grava v. INS*, 205 F.3d 1177, 1181 n.3 (9th Cir. 2000).

Assuming that Cuevas Nunez's family is a cognizable particular social group, the record contains significant evidence of harassment targeting the family based on this ground. After one of Cuevas Nunez's assailants was arrested, the family discovered that the cables on their car had been cut and that the vandals had left a note referring specifically to Cuevas Nunez. Cartel members shot at her father's house. A policeman threatened her father, saying that "wherever . . . [the family members] were found or [Cuevas Nunez] was found, [they would] be killed." Her mother also received threats that mentioned the entire family.

Similarly, assuming that Cuevas Nunez's actions related to the rape prosecution establish a valid protected ground, the record contains significant

4                                                                              21-134

evidence of nexus between those actions and actual and threatened harm. Cuevas Nunez testified that after the arrest of one of her assailants, unidentified people tried to run her over with a car and shouted, "That's what you get for whistle blowing." The sister of one of her assailants threatened her "that if she continued with this," meaning assisting with the prosecution of her rapists, "she would be killed." In addition, Cuevas Nunez received an anonymous threat that again referenced her rape prosecution.

The Board cited *Conde Quevedo v. Barr*, 947 F.3d 1238, 1242–43 (9th Cir. 2020), which held that "people who report the criminal activity of gangs to police" did not constitute a socially distinct group in Guatemala. But "[t]o make the social-distinction determination . . . . the inquiry is necessarily conducted case-by-case." *Diaz-Torres v. Barr*, 963 F.3d 976, 980 (9th Cir. 2020). Cuevas Nunez proposed a differently defined group and is coming from a different country. The cognizability of her proposed particular social groups therefore requires an individualized analysis, which the agency did not conduct. Moreover, Cuevas Nunez did more than "report the criminal activity of gangs"; she also testified publicly against one of her assailants. *See Henriquez-Rivas v. Holder*, 707 F.3d 1081, 1092 (9th Cir. 2013); *In re H-L-S-A-*, 28 I. & N. Dec. 228, 236–37 (B.I.A. 2021).

We grant the petition for review and remand for further consideration of the asylum and withholding claims.

5                                                                                    21-134

3. Substantial evidence supports the Board's conclusion that Cuevas Nunez is not more likely than not to be tortured with government acquiescence if she is returned to Mexico. *See Xochihua-Jaimes v. Barr*, 962 F.3d 1175, 1183 (9th Cir. 2020). The past harm that Cuevas Nunez suffered was from private actors, as is the future harm that she fears. Cuevas Nunez alleges that the police were involved in her harassment. But the police investigated and arrested one of her assailants, who was ultimately convicted. That the police failed to follow up on her reports of harassment by the cartel does not "raise an inference that public officials are likely to acquiesce in torture." *Garcia-Milian v. Holder*, 755 F.3d 1026, 1034 (9th Cir. 2014). The immigration judge permissibly discounted the threat by a police officer to Cuevas Nunez's father because the judge determined that "there is no relationship [between] any identifiable people and what happened to her father." In any event, in light of the other evidence in the record, that incident alone does not compel a finding that the Mexican government would be more likely than not to acquiesce in any torture. We deny the petition for review insofar as it challenges the denial of the CAT claim.

The motion for a stay of removal (Dkt. No. 3) is denied as moot. Each party shall bear its own costs.

**PETITION GRANTED in part and DENIED in part; REMANDED.**